

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

## No. 08-26-00171-CR

---

### Derrick Gilbert, Appellant

v.

### The State of Texas, Appellee

---

On Appeal from the County Court at Law No. 2
Bell County, Texas
Trial Court No. 25CCR07779

---

## CONCURRING MEMORANDUM OPINION

Although I agree with the majority's decision to dismiss the appeal, I disagree "that Gilbert's letter, together with Counsel's motion, are sufficient to meet the requirements of Rule 42.2(a)." Accepting as true counsel's statements regarding his unsuccessful efforts to contact Gilbert, given counsel's duty of candor to the court,[1] I would apply Rule 2 of the Texas Rules of

---

[1] Rule 3.03 of the Texas Disciplinary Rules of Professional Conduct provides that "(a) A lawyer shall not knowingly . . . make a false statement of material fact or law to a tribunal [or] . . . offer or use evidence that the lawyer knows to be false." Tex. Disciplinary Rules Prof'l Conduct R. 3.03(1), (5). In addition, Tex. R. App. P. 10.2(c) provides that items in a motion within the personal knowledge of the attorney signing the motion need not be verified. *See Ives v.*

Appellate Procedure to suspend Rule 42.2(a)'s signature requirement for good cause in light of Gilbert's letter asking counsel to "stop all proceedings."[2] Under these circumstances, it would be a waste of judicial resources to abate the appeal until a signature could be obtained or to take any action other than granting the dismissal. *See Hartsell v. State*, 143 S.W.3d 233, 233–34 (Tex. App.—Waco 2004, no pet.) (recognizing that abating an appeal where appellant had expressed his desire to dismiss the appeal but would not cooperate with counsel in signing a motion to dismiss would be a waste of judicial resources).

Nonetheless, I would not take this course of action without a safeguard in place to preserve an appellant's rights. A criminal defendant in a non-capital case may waive any rights secured to him by law, but a "waiver of the right to appeal must be made voluntarily, knowingly, and intelligently." *Carson v. State*, 559 S.W.3d 489, 492 (Tex. Crim. App. 2018) (citing *Monreal v. State*, 99 S.W.3d 615, 617 (Tex. Crim. App. 2003) (en banc)). Though on this record we cannot determine whether Gilbert's waiver was voluntarily, knowingly, and intelligently made, the law provides a safety net in the form of a petition for habeas corpus if the waiver, in fact, was not. *See Ex parte Hogan*, 556 S.W.2d 352, 353 (Tex. Crim. App. 1977) (holding that a post-conviction attack on a waiver of the right to appeal will be entertained when the defendant makes factual allegations, which if true, would support a finding that the waiver was coerced or involuntary); *see*

*State*, Nos. 10-23-00036-CR, 10-23-00037-CR 2024 WL 119633, at *2 (Tex. App.—Waco Jan. 11, 2024, no pet.) (mem. op., not designated for publication).

[2] *See* Tex. R. App. P. 2 ("On a party's motion or on its own initiative an appellate court may—to expedite a decision or for other good cause—suspend a rule's operation in a particular case and order a different procedure . . . ."); *Hartsell v. State*, 143 S.W.3d 233, 233–34 (Tex. App.—Waco 2004, no pet.) (mem. op.) (applying Rule 2 to suspend Rule 42.2(a)'s signature requirement in reliance on counsel's duty of candor to the court, where counsel asserted that defendant had expressed his desire to withdraw his appeal but was uncooperative in signing a motion to dismiss); *Ives*, 2024 WL 119633, at *1 (invoking Rule 2 to suspend Rule 42.2(a)'s signature requirement where appellate counsel filed a motion to dismiss averring that his client voiced to him that she did not want to pursue her appeal and where appellant sent a letter to the court confirming her desire to withdraw the appeal); *Farrar v. State*, No. 01-09-00719-CR, 2011 WL 2923858, at *1 (Tex. App.—Houston [1st Dist.] July 21, 2011, no pet.) (mem. op., not designated for publication) (per curiam) (applying Rule 2 to suspend Rule 42.2(a)'s signature requirement where appellant was pro se and did not sign a motion to dismiss but stated at a hearing that he did not desire to pursue his appeal).

*also Ex parte Smith*, 444 S.W.3d 661, 671 (Tex. Crim. App. 2014) (recognizing that a defendant may bring a habeas petition challenging the denial of his right to appeal). With this safety net in place, I concur with the majority opinion.

LISA J. SOTO, Justice

July 23, 2026

Before Salas Mendoza, C.J., Palafox, and Soto, JJ.

(Do Not Publish)